■ HENRY E. SUAREZ et al., Respondents, v GALLO WINE DISTRIBUTORS, L.L.C., et al., Appellants. [820 NYS2d 794]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered March 18, 2005, inter alia, denying defendants' motion to dismiss the amended complaint pursuant to CPLR 3211 (a) (2), unanimously affirmed, with costs.

The amended complaint alleges simply that defendants, in violation of City and State Human Rights Laws, have denied plaintiffs' employment by reason of their race and nationality. Contrary to defendants' arguments, the adjudication of these claims will not involve state court intrusion upon areas federally preempted under the National Labor Relations Act (NLRA) or the Labor Management Relations Act (LMRA). No issue is posed respecting plaintiffs' right to organize or to union representation, much less is an issue posed as to the frustration of any such right by an unfair labor practice redressable pursuant to the NLRA by the National Labor Relations Board (cf. *Chaulk Servs., Inc. v Massachusetts Commn. Against Discrimination*, 70 F3d 1361 [1995]; *Lemerich v International Union of Operating Engrs., Locals 877 & 4*, 2002 WL 655333, 2002 US Dist LEXIS 7102 [D Me 2002]). Nor is this a dispute between a labor organization representing employees and an employer over the terms of a collective bargaining agreement, committed pursuant to section 301 of the LMRA (29 USC § 185) to the federal courts (*see Livadas v Bradshaw*, 512 US 107 [1994]). Indeed, plaintiffs are members of a labor organization and, as noted, seek relief exclusively under State and City Human Rights Laws. While perhaps this litigation will require consultation of the union contract, and perhaps defendants' defenses may be based upon its existence, the agreement is only tangentially relevant to the claims as pleaded (*see id.* at 123). Moreover, even if this litigation did touch upon conduct protected or prohibited by the NLRA, the exceptions to preemption enunciated in *San Diego Building Trades Council v Garmon* (359 US 236, 243-244 [1959]), would be applicable. The allegations of plaintiffs' complaint would, at most, be of only peripheral concern to the NLRB, but, by contrast, New York State and City have a compelling and "deeply rooted" interest in eradicating employment discrimination based on ethnicity and national origin. Concur— Mazzarelli, J.P., Sweeny, Catterson, McGuire and Malone, JJ.